Filed 5/8/15  P. v. Jackson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>AVALON DESSELINE JACKSON,<br><br>     Defendant and Appellant. | B259996<br><br>(Los Angeles County<br>Super. Ct. No. GA039187) |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Avalon Desseline Jackson, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Avalon Desseline Jackson appeals from an order denying his motion to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. (Pen. Code, § 1170.126.)[1] His appointed counsel filed a *Wende* brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) On January 22, 2015, we sent letters to appellant and appointed counsel, directing counsel to immediately forward the appellate record and a copy of the *Wende* brief to appellant and advising him that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On February 23, 2015, appellant filed a supplemental brief essentially arguing that the trial court should have used the standard applicable to parole hearings in considering his motion to recall his sentence.[2]

## BACKGROUND

In 1999, appellant was convicted of possession of a controlled substance (Health & Saf. Code, § 1150) and, because he was found to have two prior "strike" convictions, was sentenced under the "Three Strikes" law (§§ 667, 1170.12) to an indeterminate life term, with a 25-year minimum term.

In November 2012, the voters of this state enacted Proposition 36, which amended the Three Strikes law to limit sentences to current convictions for serious or violent felonies and a limited number of other felonies, unless the offender has a prior strike conviction that falls within one of several enumerated categories. (§§ 667, 1170.12.) The amended Three Strikes law establishes a procedure for qualified inmates serving indeterminate life sentences under the Three Strikes law to seek resentencing under the terms of the amended law. (§ 1170.126.)

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] On April 1, 2015, appellant submitted a second supplemental brief that was essentially identical to his first supplemental brief except that it cites to section 1170.18, subdivision (f), which was amended in November 2014 by the passage of Proposition 47. We deny appellant permission to file this second supplemental brief as the issue was not raised below for purposes of this appeal. We express no opinion on the merits of a Proposition 47 argument.

On September 5, 2014, appellant petitioned for relief under this provision, seeking recall of his sentence and resentencing to a determinate term sentence. In his petition, appellant argued that his current sentence is not for one of the offenses listed in sections 667 or 1170.12 and is neither serious nor violent. He also argued that his prior convictions did not exclude him from the benefit of re-sentencing.

On September 10, 2014, the trial court determined that appellant was not eligible for recall and resentencing because he suffered a prior conviction under sections 667, subdivision (e)(2)(C)(iv)(I) and 1170.12, subdivision (c)(2)(C)(IV)(I), and denied appellant's petition.

On November 5, 2014, appellant filed a timely notice of appeal.

## DISCUSSION

We have examined the entire record and have found that no arguable issues of any sort exist. Appellant is not eligible for resentencing under section 1170.126, subdivision (e)(3) because his current indeterminate life sentence is based on his prior disqualifying convictions under section 667, subdivision (e)(2)(C)(iv)(I).

Section 667, subdivision (e)(2)(C)(iv)(I) provides: "If a defendant has two or more prior serious and/or violent felony convictions as defined . . . that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) *unless the prosecution pleads and proves any of the following*: [¶] . . . [¶] (iv) *The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies:* [¶] (I) *A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code*." (Italics added.)

Welfare and Institutions Code section 6600, subdivision (b), in turn, provides: "(b) 'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim . . . : a felony violation of Section 261, . . . of the Penal Code." Here, appellant

3

was previously convicted of a violation of former section 261, subdivision (a)(2), for "forcible rape." Thus, the trial court properly deemed appellant to be ineligible for a recall of sentence and resentencing.

In his supplemental brief, appellant does not dispute that he has a disqualifying offense. Rather, appellant argues that the trial court failed to consider his "current dangerousness" and cites to *In re Lawrence* (2008) 44 Cal.4th 1181, 1210. However, *In re Lawrence* as well as the other cases cited by appellant deal with the parole hearings and not recalls of sentences under section 1170.126.

We are satisfied that appellant's appointed counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, P. J.


JOHNSON, J.


4